UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CR-217-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | MOTION TO CONTINUE |
| v. | ) | Rule 16.1(b) PRETRIAL |
| | ) | CONFERENCE |
| NOAH EDWIN ANTHONY | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves to continue the pretrial conference under Local Rules Criminal Procedure EDNC 16.1(b) and (d), and states unto the Court:

1.  On September 13, 2022, the defendant was charged by way of Indictment with Receiving, Possessing, Transferring, or Manufacturing a Firearm Not Registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

2.  On September 26, 2022, the defendant's initial appearance before United States Magistrate Judge Robert T. Numbers, II took place, and the defendant was detained pending a detention hearing now scheduled for October 7. 2022.

3.  On September 28, 2022, a scheduling order setting forth various pretrial deadlines, including the date by which discovery is to be turned over to defendant, was issued. The date given for the Pretrial Conference in that order

is October 7. 2022.  This is the date by which discovery must be disclosed to the defendant.  See Local Rules of Criminal Procedure EDNC, 16.1(b) and (d).

4.  Federal Rules of Criminal Procedure 16.1 provides that the parties must confer no later than 14 days after arraignment to agree on a "timetable and procedures for pretrial disclosures."  Revised slightly to fit the practice of the Eastern District of North Carolina, Local Criminal Rule 16.1(b) provides "[w]ithin 21 days after indictment or initial appearance, whichever comes later, the United States Attorney shall arrange and conduct a pretrial conference with counsel for the defendant."  Local Rule 16.1(d) provides that "[t]he United States Attorney and counsel for the defendant, in lieu of the conference, may agree to exchange discovery material by mail without the conference," and in the majority of cases, a copy of discovery is in fact delivered to defendant.  This relieves the burden on defendant to inspect, copy, and redact the discovery within the United States' Attorney's Office.

5.  Preparation of the copies includes making appropriate redactions of sensitive information, labeling and numbering all discovery so that both parties can discuss the discovery with specificity, and addressing any problems with illegible copies of pages, etc.  Copies are also routinely made of large data files and/or results of search warrants which, in and of itself, is often extremely time consuming.

6.  The United States fully appreciates its responsibilities with regard to providing discovery and in considering this obligation, attempts to balance other

2

Case 5:22-cr-00217-M-RN   Document 16   Filed 10/03/22   Page 2 of 5

responsibilities in light of expected deadlines. In this case, rather than allowing for the maximum of 21 days under Local Criminal Rule 16.1(b), the date set for the Pretrial Conference was set for 11 days following the defendant's initial appearance. There exists voluminous information that needs to be redacted, Bates numbered, and prepared for copying, and the full 21 days to disclosure is requested.

7. The United States respectfully asks that the deadline for the pretrial conference (or delivery of discovery) be continued to October 17, 2022, which would be 21 days after the initial appearances, in conformity with Local Criminal Rule 16.1(b).

8. Counsel for the defendant, AFPD Chris Locascio, has been contacted and has no objection to the government's motion.

9. This request is made in good faith and not for the purposes of delay.

WHEREFORE, the United States respectfully requests that the Pretrial Conference and disclosure of discovery in the above-captioned case be continued to October 17, 2022, 21 days following the defendant's initial appearance. It is further requested the Court find this is good cause to order the intervening time be excluded from the speedy trial computation pursuant to Title 18, United States Code, Section 3161(h)(7)(A), as the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice and would deny the attorney for the Government the reasonable time necessary for effective preparation even in

the exercise of due diligence.

Respectfully submitted this 3rd day of October, 2022.

                        MICHAEL F. EASLEY, JR.
                        United States Attorney

                  BY: /s/ Gabriel J. Diaz
                      GABRIEL J. DIAZ
                      Assistant U.S. Attorney
                      Criminal Division
                      150 Fayetteville St, Suite 2100
                      Raleigh, NC  27601-1461
                      Telephone: (919) 856-4326
                      Facsimile: (919) 856-4828
                      Email: gabriel.diaz@usdoj.gov
                      N.C. Bar # 49159

CERTIFICATE OF SERVICE

This is to certify that I have this 3rd day of October, 2022, served a copy of the foregoing Motion to Continue upon the defendant by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to counsel of record for the defendant.

        MICHAEL F. EASLEY, JR.
        United States Attorney

BY: /s/ Gabriel J. Diaz
     GABRIEL J. DIAZ
     Assistant U.S. Attorney
     Criminal Division
     150 Fayetteville St, Suite 2100
     Raleigh, NC 27601-1461
     Telephone: (919) 856-4326
     Facsimile: (919) 856-4828
     Email: gabriel.diaz@usdoj.gov
     N.C. Bar # 49159